Todd M. Schneider, SBN 158253
Joshua Konecky, SBN 182897
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JUAN SARAVIA, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

DYNAMEX, INC., DYNAMEX FLEET SERVICES, INC., DYNMAEX OPERATIONS EAST, INC., DYNAMEX OPERATIONS WEST, INC.

Defendants.

**COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. § 201, *et seq*.**

**JURY TRIAL DEMANDED**

Plaintiff Juan Saravia, by and through his undersigned attorneys, hereby brings this Collective Action Complaint on behalf of all others similarly situated, against Defendants Dynamex, Inc., Dynamex Fleet Services, Inc., Dynamex Operations East, Inc., and Dynamex Operations West, Inc., ("Dynamex"), and alleges as follows:

## I. NATURE OF THE CASE

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), arising out of Defendants' misclassification of their delivery drivers ("Drivers") as "independent contractors" instead of "employees." Defendants Dynamex, Inc., and Dynamex Operations West, Inc. ("Dynamex") operate a "same day delivery" service. Under well-established law, Dynamex is the legal employer of the Drivers it hires to provide this service to its customers. Indeed, Dynamex retains the right to exercise extensive control over the way the Drivers perform their deliveries and treats the Drivers as employees in every material respect. Among other things, Dynamex retains the right to control the Drivers' schedules, routes, customers, equipment, appearance, pay rate, insurance, hired help, and other details of the job. Yet, by misclassifying the Drivers as independent contractors, rather than employees, Dynamex unlawfully evades its obligation to pay these Drivers the full wages and employment benefits they are due under applicable law.

2. Defendant Dynamex employs thousands of Drivers across the United States. The Drivers make home deliveries to the customers of Dynamex's retail clients, an integral part of Dynamex's self-described business of "same day delivery." No specialized skills are required for the job.

3. Dynamex requires that the Drivers arrive at their assigned warehouse early in the morning, dressed in a "Dynamex" uniform, to begin loading vehicles with furniture and appliances for home deliveries on behalf of Dynamex clients. The Drivers routinely work 12-14 hour days. They rarely stop to rest, due to the delivery schedules and other demands Dynamex places on them. Moreover, Dynamex reserves the right to discipline the Drivers and/or terminate their contracts if they do not adhere to the company's strict schedules and other demands.

4. Dynamex pays Drivers according to a uniform compensation schedule that pays a flat rate for each delivery, but Drivers have no say in which routes or how many stops they can make, and no meaningful opportunity to negotiate pay rates or routes. Dynamex also makes deductions from these wages to cover the costs of equipment it requires the Drivers to use as well as other

ordinary business expenses and losses incurred by Dynamex.  For example, Dynamex requires that Drivers purchase a particular mobile phone that permits the company to track their progress throughout the day and regularly communicate with them to work more quickly.   Dynamex's scheduling demands, vehicle appearance standards, uniform requirements and other policies of control also do not permit the Drivers a realistic opportunity to offer their services to customers who are not provided through Dynamex.

5. Plaintiff Juan Saravia brings this collective action under the FLSA, 29 U.S.C. § 216(b), on behalf of himself and other similarly situated individuals who personally made one or more deliveries for Dynamex in the United States, while being classified as independent contractors at any time beginning three years before the filing of this Complaint.  The collective action claims in this action exclude deliveries made solely for Velocity Express, Inc., another delivery company recently acquired by Dynamex.

6. Plaintiff challenges Dynamex's policies of: (1) classifying the Drivers as independent contractors instead of employees; (2) failing to pay Plaintiff and the Drivers minimum wage; (3) failing to pay Plaintiff and the Drivers overtime; and (4) denying Plaintiff and the Drivers full compensation for all hours worked.  Plaintiff seeks compensation, damages, penalties and interest to the full extent permitted by the FLSA.

7. Plaintiff, on behalf of himself and all others similarly situated, also requests reasonable attorneys' fees and costs pursuant to, inter alia, 29 U.S.C. § 216(b).

## II. VENUE AND JURISDICTION

8. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).

9. This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.  The Court also has jurisdiction under 28 U.S.C. § 1332(a)(1), because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are residents of different states.

10. Venue is proper under 28 U.S.C. §1391, because Dynamex employs Class members and transacts business in this Judicial District, and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District.

## III. PARTIES

11. Plaintiff, Juan Saravia, is a resident of Richmond, California in Contra Costa County. Plaintiff worked as a Driver out of Dynamex's office, located in the city of Hayward, in Alameda County, California, between approximately July 2012 and May 2013.

12. Dynamex employed Mr. Saravia as a Driver and Mr. Saravia held this same job position since he began working for Dynmaex in July 2012. Dynamex terminated Mr. Saravia's contract in May of 2013.

13. The Collective Action members are current or former Drivers of Dynamex who personally made one or more deliveries for Dynamex in the United States, while being classified as independent contractors at any time beginning three years before the filing of this Complaint.

14. Dynamex is and at all relevant times has been engaged in the business of delivery services in the State of California. Dynamex is incorporated in Delaware and is a wholly owned entity of Transforce, Inc. Dynamex owns and operates under a number of different names and/or entities, which are headquartered in Dallas, Texas, including, but not limited to, Dynamex Inc., Dynamex Fleet Services, Inc., Dynamex Operations East, Inc. and Dynamex Operations West, Inc. Dynamex has places of business at various locations in California, including but not limited to 21053 Alexander Ct., Hayward, CA 94545, which is within the jurisdiction of this Court.

## IV. FACTUAL ALLEGATIONS

15. During the relevant time period of this action, Dynamex has employed, and continues to employ, Plaintiff and other similarly situated individuals to provide delivery services ("Drivers"). Their job duties include driving delivery vehicles, sorting delivery packages, loading and unloading delivery vehicles, physically delivering goods to customers' homes, and performing additional miscellaneous duties at the direction of Dynamex.

16. Dynamex requires its delivery drivers to enter into a Transportation Services Master Agreement ("Agreement"), which purports to describe the relationship between Dynamex and the Drivers as an "independent contractor" relationship.

17. Drivers typically work for several months or years driving pre-determined "Customer Route(s)" throughout the duration of their working relationship with Dynamex. These basic duties do not change materially and the Drivers do not provide additional services to Dynamex or Dynamex's customers.

18. Dynamex's Drivers operate under managerial control and supervision exercised by its corporate headquarters and regional corporate offices. There are no material deviations in job duties or descriptions of the Drivers from location to location.

19. Dynamex pays Drivers according to a uniform compensation scheme, whereby each Driver is paid a flat rate for each delivery made, remitted bi-weekly in a "statement." Dynamex does not negotiate the rates of pay or pay structure with the individual Drivers.

20. Compensation differs from Driver to Driver only insofar as the per-delivery flat rate is adjusted by a small percentage based on distance traveled, stops made, and types of goods delivered. However, Dynamex assigns the Drivers their routes, and the rates are predetermined by Dynamex.

21. Drivers have no meaningful opportunity to select the routes they drive, the goods they deliver, or the customers they serve. Rather, Dynamex predetermines Drivers' routes, goods, and customers before they arrive for work each day.

22. Drivers have no meaningful opportunity to negotiate or bid for particular routes, goods, or customers. Rather, Dynamex typically transmits route assignments the night prior, via the standardized mobile phones it requires the Drivers to purchase.

23. Dynamex requires Drivers to purchase equipment and other items for the job, including, but not limited to, uniforms, mobile phones, liners used for loading vehicles, ropes for tying down equipment, dollies, and other standardized delivery equipment. When Dynamex provides such goods directly to Drivers, it deducts their cost from Drivers' bi-weekly statements (paychecks).

24. Dynamex further deducts the cost of damaged cargo or goods rejected by customers directly from Drivers' bi-weekly statements (paychecks), without giving the Drivers recourse to settle disputes with customers on an individual basis.

25. Drivers must obtain Dyamex's approval of the assistants ("helpers") they enlist to help perform the physically-demanding deliveries.  Dynamex further requires that helpers pass background checks, physical examinations, and have their photograph taken for the standardized "Dynamex" badges they must wear.

26. Dynamex requires Drivers to obtain insurance coverage for general liability, automobile liability, Worker's Compensation, Occupational Accident Insurance, and Cargo Liability Insurance, all meeting particular coverage thresholds, and to add Dynamex as an additional insured on the policy.

27. Dynamex requires Drivers to wear a uniform bearing the Dynamex company logo throughout every day they are assigned to work.  When Drivers need new uniforms, Dynamex provides them and then automatically deducts their cost from Drivers' bi-weekly statements (paychecks).

28. Dynamex requires that Drivers remove any piercings before performing deliveries.

29. Dynamex requires that Drivers' vehicles be painted white.

30. Dynamex requires that Drivers' vehicles be equipped with interior racks.

31. Dynamex requires the Drivers to arrive one to two hours before they are scheduled to depart in order to sort packages, load the vehicle, pass inspections from management, and to be present in the event a Dynamex manager calls a meeting on the warehouse floor.

32. Dynamex managers regularly hold early morning meetings on the warehouse floor to discuss the Drivers' performance generally, and to prescribe the customer service and delivery techniques preferred by Dynamex.

33. Dynamex assigns the Drivers to their routes.

34. Dynamex designs the routes without any input from the Drivers, according to a rough geographic area or customers' timing preferences.  Dynamex provides Drivers with route sheets

containing windows of time in which Drivers must make each delivery in order to remain on schedule. Dynamex does not allow Drivers to negotiate rates of pay or bid for the routes they are assigned.

35. The route assignments imposed upon Drivers by Dynamex include so many stops and such geographically scattered delivery destinations that Drivers must work long, twelve (12) to fourteen (14) hour days just to finish their day's assigned deliveries. Drivers are regularly assigned as many as 20 deliveries in a day. The schedules prevent drivers from taking off-duty meal or rest breaks and from providing deliveries to non-Dynamex customers. Dynamex subjects the Drivers to termination, reduced work, or other forms of discipline if they do not meet the schedules or other demands presented by Dynamex.

36. Dynamex monitors the Drivers' progress on their routes by requiring them to verbally verify deliveries to Dynamex dispatchers throughout the day using the standardized mobile phones that Dynamex requires them to purchase.

37. Dynamex tracks the Drivers' movements, progress, and pace in completing their deliveries on the mobile phones' GPS systems. If a driver is running behind schedule, Dynamex dispatchers often call to urge the driver to pick up the pace.

38. Dynamex does not permit Drivers to make deliveries earlier than the hour listed in the time windows it designates on the route sheets, even if a customer agrees to accept an early delivery.

39. If a customer is not at home during the scheduled window of time, Drivers must obtain permission from Dynamex dispatchers before departing.

40. Dynamex reserves, and frequently exercises the authority to alter the Drivers' routes after they are assigned, and to add additional deliveries to the routes, post-hoc. This includes the right to assign Drivers additional "sweep" routes after their assigned routes have concluded, whereby Drivers must transport loads of merchandise from the customer's retail store to the Dynamex warehouse in preparation for the next day's deliveries.

41. The route sheets do not include time for off-duty meal or rest periods, or any other off-duty time. Dynamex knew and/or acted with reckless disregard that it effectively operates as an

employer of the Drivers, but nonetheless misclassifies them as independent contractors and does not provide them with the wage compensation and employment benefits to which they are entitled by law.  Dynamex has been put on notice of the unlawfulness of its classification scheme, and yet it has proceeded with a uniform policy of misclassification in the face of analogous challenges made in other prior and pending lawsuits.

42. Dynamex also mislead the Drivers into believing that they are properly classified. Throughout all relevant times, Dynamex has assured the Drivers that they are being properly compensated.  Dynamex also has failed to provide information to the Drivers regarding their rights under the FLSA or to even post the FLSA notices required by applicable regulations from the Department of Labor.

43. Dynamex, in the past and currently, misclassify the Drivers as independent contractors and consider them to be exempt from the minimum wage and overtime requirements of The FLSA.

44. Dynamex is engaged in commerce.

45. The Drivers are either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

46. The Drivers are employees whose job duties do not meet any of the exemptions set forth in the FLSA.  Therefore, their jobs are, in fact and law, not exempt from the minimum wage and overtime requirements of the FLSA.

47. Dynamex directed and/or suffered and permitted Drivers to work in excess of forty (40) hours per week throughout the course of their employment.

48. Dynamex fails to pay the Drivers a minimum wage and overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

## V. COLLECTIVE ALLEGATIONS

49. Plaintiffs bring all counts herein as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and a proposed Collective of similarly situated employees defined as:

> All individuals who have personally made one or more deliveries for Dynamex, Inc., and/or Dynamex Operations West, Inc., in the United States, while being classified as an independent contractor at any time beginning three years before the filing of this Complaint.
>
> The collective action claims do not arise from deliveries made solely for Velocity Express, Inc., a company recently acquired by Dynamex."

50. Plaintiffs, individually, and on behalf of other similarly situated employees defined above, seek relief on a collective basis challenging Dynamex's policy and practice of misclassifying Drivers as independent contractors, and failing to pay them for all hours worked, including overtime and minimum wage compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Dynamex, and potential opt-ins may be easily and quickly notified of the pendency of this action.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. FAILURE TO PAY MINIMUM WAGES

51. Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully set forth, each and every allegation set forth herein.

52. At all times relevant to this action, Dynamex was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq*.

53. At all times relevant to this action, the Drivers were "employees" of Dynamex within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

54. The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay employees the minimum wage for all time worked. 29 U.S.C. § 206(a).

55. At all times relevant to this action, Dynamex has been subject to the requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206(a)(1).

56. At all times relevant to this action, the Drivers have been entitled to the rights, protections, and benefits provided under the FLSA because they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201, *et seq*.

57. The FLSA requires that the Drivers may not be employed for a workweek longer than forty (40) hours unless they are compensated for employment in excess of the forty (40) hours at a rate of not less than one and one-half times the regular rate at which they are paid.  29 U.S.C. § 207(a)(1).

58. At all times material herein, the federal minimum wage has been $7.25/hour.

59. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy that systematically denies Drivers their statutorily mandated minimum wages.  Dynamex failed to pay the Drivers the minimum wages required by 29 U.S.C.  §§ 206 and/or 207 because it misclassified them as independent contractors.  This uniform policy, in violation of the FLSA, has been applied to all Drivers employed by Dynamex throughout the United States.

60. The Collective is entitled to the full statutory minimum wages required by 29 U.S.C. §§ 206 and/or 207 for all periods in which they worked for Dynamex in the three years preceding the filing of this Complaint, along with all applicable penalties, liquidated damages, and other relief.

61. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy that systematically denies Drivers their statutorily mandated minimum wages.  This uniform policy, in violation of the FLSA, has been applied to all Drivers employed by Dynamex throughout the United States.

62. Dynamex's conduct in misclassifying drivers like Plaintiff as independent contractors was willful. Dynamex did it to avoid paying minimum wages and the other benefits to which Drivers were legally entitled.

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Dynamex knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Plaintiff and all similarly situated employees are therefore entitled to all damages equal for the limitations period beginning three years preceding the filing of this Complaint, plus periods of equitable tolling.

64. The FLSA provides that a private action may be brought by an employee or employees for the payment of federal minimum wages and for an equal amount in liquidated damages in any court of competent jurisdiction. 29 U.S.C. § 216(b). Moreover, Plaintiffs may recover attorneys' fees and costs incurred in enforcing their rights. *Id*.

65. Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). It is unlawful for any person to violate § 211(c). 29 U.S.C. § 215(a)(5).

66. 29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

67. Dynamex has failed to maintain all records required by the aforementioned statutes and regulations, and failed to furnish the Drivers comprehensive statements showing the hours they worked during the relevant time period.

68. Where an employer's records are inaccurate or inadequate, employees need only produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference in order to prove they were improperly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). If an employer is unable to rebut the reasonableness of this inference, the court may award damages to the employee, even if the result "be only approximate." *Id*.

69. The Collective is entitled to their minimum wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees. 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. FAILURE TO PAY OVERTIME WAGES**

70. Plaintiffs re-allege and incorporate all previous paragraphs herein.

71. The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay their employees overtime wages at one and one-half their regular rate for hours worked in excess of forty (40) hours during a workweek. 29 U.S.C. §§ 207.

72. Dynamex violated the FLSA by failing to pay Drivers for all time worked, including overtime pay, because it misclassified them as independent contractors.

73. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy that systematically denies Drivers their statutorily mandated overtime premium pay. This uniform policy, in violation of the FLSA, has been applied to all Drivers employed by Dynamex throughout the United States.

74. Dynamex's conduct in misclassifying drivers like Plaintiff as independent contractors was willful. Dynamex did it to avoid paying premium overtime pay and the other benefits to which Drivers were legally entitled.

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Dynamex knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Plaintiff and all similarly situated employees therefore are entitled to all damages owed for the limitations period beginning three years preceding the filing of this Complaint, plus periods of equitable tolling.

76. Plaintiff and other similarly situated employees are entitled to recover an award in the amount of their unpaid overtime compensation.

77. Plaintiff and other similarly situated employees are entitled to recover an additional award of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

78. Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). It is unlawful for any person to violate § 211(c). 29 U.S.C. § 215(a)(5).

79. 29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

80. Dynamex has failed to maintain all records required by the aforementioned statutes and regulations, and failed to furnish the Drivers comprehensive statements showing the hours they worked during the relevant time period.

81. Where an employer's records are inaccurate or inadequate, employees need only produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference in order to prove they were improperly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). If an employer is unable to rebut the reasonableness of this inference, the court may award damages to the employee, even if the result "be only approximate." *Id*.

82. The Drivers are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees. 29 U.S.C. § 216(b).

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. FAILURE TO COMPENSATE FOR ALL HOURS WORKED

83. Plaintiffs, on behalf of themselves and all others similarly situated, reallege as if fully set forth, each and every allegation set forth herein.

84. The FLSA covers employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

85. The FLSA requires that, in addition to paying employees overtime wages at one and one-half their regular rate for hours worked in excess of forty (40) hours during the workweek, a covered employer must compensate its employees at their regular rate of pay for all the hours they work before accumulating the overtime hours.

86. Dynamex requires that Plaintiffs regularly work in excess of forty (40) hours per week.

87. At all times relevant to this action, Dynamex has engaged, and continues to engage, in a policy, pattern, or practice of requiring or permitting the Drivers to perform work without compensation, in the form of spending time and conducting activities for the benefit of Dynamex and is an integral and indispensable part of the principal activities for which the Drivers are employed.

88. As a result, Dynamex has failed to compensate the Drivers for all hours worked, including both non-overtime and overtime hours.

89. Dynamex's conduct in misclassifying drivers like Plaintiff as independent contractors was willful. Dynamex did it to avoid paying for all hours the Drivers worked, compensation to which the Drivers were legally entitled.

90. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy that systematically denies Drivers their earned wages. This uniform policy, in violation of the FLSA, has been applied to all Drivers employed by Dynamex throughout the United States.

91. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Dynamex knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Plaintiff and all similarly situated employees are therefore entitled to all damages owed for the limitations period beginning three years preceding the filing of this Complaint, plus periods of equitable tolling.

92. Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). It is unlawful for any person to violate § 211(c). 29 U.S.C. § 215(a)(5).

93. 29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

94. Dynamex has failed to maintain all records required by the aforementioned statutes and regulations, and failed to furnish the Drivers comprehensive statements showing the hours they worked during the relevant time period.

95. Where an employer's records are inaccurate or inadequate, employees need only produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference in order to prove they were improperly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). If an employer is unable to rebut the reasonableness of this inference, the court may award damages to the employee, even if the result "be only approximate." *Id*.

96. Plaintiff, on behalf of himself and the Collective, seeks damages in the amount of their respective unpaid hours worked, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

97. Plaintiff, on behalf of himself and the Collective, seeks recovery of his attorneys' fees and costs of action from Dynamex, as provided by the FLSA, 29 U.S.C. § 216(b).

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Collective he seeks to represent in this action, requests the following relief:

a) For an order certifying that all Counts in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of

this action, and permitting them to assert their FLSA claims;

b) For an order equitably tolling the statute of limitations for the potential members of the Collective;

c) For an order awarding Plaintiff and the Collective compensatory and statutory damages (including liquidated damages), including lost wages, earnings, and all other sums of money owed to Plaintiff and members of the Collective, together with interest on these amounts;

d) For an order directing Dynamex to identify, locate and restore to all current and former Drivers the restitution they are due for lost wages, earnings, and other sums of money, together with interest on these amounts.

e) For a declaratory judgment that Dynamex has willfully violated the FLSA and public policy as alleged herein.

f) For pre- and post-judgment interest;

g) For an award of reasonable attorneys' fees as provided by the FLSA;

h) For all costs of suit; and

i) For such other and further relief as this Court deems just and proper

Respectfully submitted,

Dated: November 12, 2014

SCHNEIDER WALLACE
COTTRELL KONECKYWOTKYNS LLP

By: /s/ *Joshua Konecky*
JOSHUA KONECKY
Attorney for Plaintiff Juan Saravia and the Proposed Collective

**DEMAND FOR JURY TRIAL**

Plaintiff Juan Saravia, by and through his attorney, hereby demands a jury trial on all claims and issues for which Plaintiff and the Collective are entitled to a jury.

Respectfully submitted,

Dated: November 12, 2014

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

By: /s/ *Joshua Konecky*
JOSHUA KONECKY
Attorney for Plaintiff Juan Saravia and the Proposed Collective