IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SARAVIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMEX, INC., DYNAMEX FLEET SERVICES, INC., DYNAMEX OPERATIONS EAST, INC., and DYNAMEX OPERATIONS WEST, INC.,<br><br>Defendants. | No. C 14-05003 WHA<br><br>**ORDER CLARIFYING SCOPE OF CONDITIONALLY CERTIFIED COLLECTIVE ACTION** |

The conditionally-certified collective action is limited to drivers in California. The certification order noted that this limitation avoided concerns that certain drivers had signed agreements based on defendants' 2013 template because that template had not rolled out in California. Saravia only signed agreements based on earlier templates. Defendants have explained that the 2013 template *has* rolled out to some drivers in California. Defendants now seek clarification as to whether the collective action includes California drivers that are subject to agreements based on the 2013 template.

Saravia is not similarly situated to drivers that only signed agreements based on a substantially different template from the agreements he signed. Saravia remains similarly situated to drivers that signed agreements based on the 2011 and 2012 templates, even if those drivers have also signed agreements based on the 2013 template, at least as to the time period for which they were subject to the earlier agreements. Accordingly, the conditionally-certified

1  collective action must be limited to those drivers in California that signed agreements based on
2  the 2011 and 2012 templates.  To be clear, the conditionally-certified collective action shall
3  include any driver that signed agreements based on the earlier templates, even if that driver later
4  signed an agreement based on the 2013 template.

**IT IS SO ORDERED.**

Dated:   November 12, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE