Todd M. Schneider, SBN 158253
tschneider@schneiderwallace.com
Joshua Konecky, SBN 182897
jkonecky@schneiderwallace.com
Nathan Piller, SBN 300569
npiller@schneiderwallace.com
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:   (415) 421-7100
Facsimile:   (415) 421-7105

**Attorneys for Plaintiffs**

Robert G. Hulteng, SBN 071293
rhulteng@littler.com
Aurelio J. Pérez, SBN 282135
aperez@littler.com
**LITTLER MENDELSON PC**
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone:   (415) 433-1940
Facsimile:   (415) 399-8490

**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN SARAVIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMEX, INC., et al.,<br><br>Defendants. | Case No. 3:14-cv-05003-WHA<br><br>**STIPULATION AND [PROPOSED] ORDER RE INCLUSION OF ON-DEMAND DRIVERS IN CONDITIONALLY CERTIFIED COLLECTIVE ACTION PURSUANT TO COURT ORDER [ECF 102]** |

WHEREAS, the Court has ordered that notice of this collective action pursuant to 29 U.S.C. 216(b) of the Fair Labor Standards Act (FLSA) be distributed to delivery drivers who (1) personally made one or more deliveries in California, (2) signed an independent contractor agreement based on the 2011 and/or 2012 template contract used by Dynamex, and (3) made their deliveries out of an operating location at which Dynamex has a physical presence, at any time between November 12, 2011 and the present. *See* ECF 86 at 17:15-18:9; ECF 100, at 1:28-2:4.

WHEREAS, the parties thereafter had a disagreement regarding the scope of the conditionally certified collective with respect to the portion of the definition that limits the collective to individuals and entities "who make their deliveries out of an operating location at which Dynamex has a physical presence." Specifically, the parties disagreed about how this definition relates to 'on demand' drivers. 'On demand' drivers generally make deliveries from a variety of locations. Some 'on demand' drivers have made one or more deliveries from a Dynamex facility, while others have not. The parties' dispute concerned the number of deliveries that would need to be made from a Dynamex facility for the 'on demand' driver to meet the requirement that the drivers "make their deliveries out of an operating location at which Dynamex has a physical presence."

WHEREAS, on December 8, 2015, the Court ordered the parties to meet and confer as to whether and the extent to which 'on-demand' drivers are part of the conditionally certified collective for purposes of receiving notice.

WHEREAS, in December, 2015 and early January, 2016, the parties did meet and confer regarding the number of deliveries that an 'on demand' driver must have made from a Dynamex facility in order to fall within the definition of the conditionally certified collective. During the meet and confer, Defendant has started to compile data showing the number of on demand deliveries made from a Dynamex facility. The data Defendant has compiled to date records 309 drivers who made one or more on-demand deliveries out of a Dynamex facility and who were not included on previous iterations of the list of potential recipients of the notice of conditional certification. Out of these 309 drivers 174 made six or more deliveries out of an operating location at which Dynamex has a physical presence."

WHEREAS, the parties have reached agreement that an 'on-demand' driver must have made six or more deliveries out of an operating location at which Dynamex has a physical presence to be part of the conditionally certified collective for purposes of receiving notice.

WHEREAS, after due consideration, it is the judgment of the parties that this agreement is a fair compromise.

Accordingly, the parties stipulate to the following: any "on-demand" driver who 1) otherwise qualifies to receive notice of the collective action pursuant to the Court's past Orders [ECF 86, 100] and, 2) has made six (6) or more deliveries from an operating location at which Dynamex has a physical presence, shall also qualify for potential inclusion in the conditionally certified collective and shall receive notice and opportunity to join same in accordance with previous order of the Court [ECF 102].

Respectfully submitted,

Dated: January 6, 2016

By: /s/ *Joshua G. Konecky*
Joshua G. Konecky (SBN 182897)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

Dated: January 6, 2016

By: /s/ *Aurelio Pérez*
AURELIO J. PÉREZ
Attorney for Defendants
LITTLER MENDELSON, LLP

## [PROPOSED] ORDER

The Court has received and considered the Parties' Stipulation regarding the extent to which "on-demand" drivers should be included in the conditionally certified collective that this Court previously ordered. [ECF 86, 100].

The Parties' agree that any "on-demand" driver who 1) otherwise qualifies to receive notice of the collective action pursuant to the Court's past Orders [ECF 86, 100] and, 2) has made six (6) or more deliveries from an operating location at which Dynamex has a physical presence, shall also qualify for potential inclusion in the conditionally certified collective and shall receive notice and opportunity to join same in accordance with previous order of the Court [ECF 102].

Good cause shown, and in accordance with the stipulation of the Parties, the Court HEREBY ORDERS as follows:

1. Any "on-demand" driver who 1) otherwise qualifies to receive notice of the collective action pursuant to the Court's past Orders [ECF 86, 100] and, 2) has made six (6) or more deliveries from an operating location at which Dynamex has a physical presence, shall also qualify for potential inclusion in the conditionally certified collective and shall receive notice and opportunity to join same in accordance with previous order of the Court [ECF 102]. With notice to be distributed by January 18, 2016.

IT IS SO ORDERED.

Dated: __January 7__, 2016        _____
                                    THE HONORABLE WILLIAM ALSUP