IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SARAVIA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DYNAMEX, INC., DYNAMEX FLEET SERVICES, INC., DYNAMEX OPERATIONS EAST, INC., and DYNAMEX OPERATIONS WEST, INC.,<br><br>    Defendants. | No. C 14-05003 WHA<br><br>**NOTICE RE DECERTIFICATION MOTION** |

    On the motion to decertify, plaintiffs' counsel shall set forth in detail in their opposition a plan to try the case on a class-wide basis, including specifically a method of proof to establish liability across the board on a class-wide basis. Put differently, how can we avoid a trial within a trial as to each opt-in's situation, for example, to find out how many employees work for each opt-in and so forth. Both sides shall further brief (movant on its reply) what would keep, if we did decertify, each opt-in from commencing his own action against Dynamex in this court. Is opting-in equivalent to intervention such that we must keep all of the opt-ins as individual plaintiffs anyway?

Dated: July 19, 2016

                                                     WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDGE