IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SARAVIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMEX, INC., DYNAMEX FLEET SERVICES LLC, DYNAMEX OPERATIONS EAST, INC., and DYNAMEX OPERATIONS WEST, INC.,<br><br>Defendants. | No. C 14-05003 WHA<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS CERTAIN OPT-IN PLAINTIFFS** |

## INTRODUCTION

In this wage-and-hour collective action under the Fair Labor Standards Act defendants move to dismiss several opt-in plaintiffs without prejudice and separately moves to dismiss two categories of opt-in plaintiffs with prejudice. For the reasons stated below, defendants' motions are **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The facts of this case are discussed in greater detail in the order denying defendants' motion to decertify the collective action, issued concurrently with this order. Briefly, our plaintiffs are a collective of individuals who contracted with defendants Dynamex, Inc., Dynamex Fleet Services LLC, Dynamex Operations East, Inc., and Dynamex Operations West, Inc., (collectively, "Dynamex") to provide delivery services for Dynamex's clients.

Plaintiffs contend Dynamex incorrectly classified them as independent contractors, rather than as employees, and they bring claims seeking overtime and minimum wages they claim to have been denied on that basis.

In October 2015, an order conditionally certified the collective action for the purpose of facilitating notice to potential opt-in plaintiffs. The class administrator received one hundred sixty consent-to-join forms.

Dynamex now brings three separate motions seeking to dismiss (i) eighteen individuals without prejudice based on various procedural issues, (ii) fifteen individuals with prejudice for failing to appear at their depositions, and (iii) twenty-five individuals with prejudice for failure to produce adequate tax records. (The categories overlap in part.) This order follows full briefing on each motion and oral argument.

**ANALYSIS**

Rule 37(b)(2) authorizes the imposition of sanctions for not obeying a discovery order, including dismissing the action or entering default judgment. Terminating sanctions, however, are available only "in 'extreme circumstances' and where the violation is due to willfulness, bad faith, or fault of the party." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)

**1.    MOTION TO DISMISS WITHOUT PREJUDICE.**

Dynamex moves to dismiss several defendants without prejudice. The subjects of this motion fall into four categories: (i) an individual, Jose Santos, who did not work for Dynamex in California, (ii) seven individuals who filed their consent forms after the deadline, (iii) nine individuals who were not part of the defined collective action yet completed consent forms anyway, (iv) an individual, Charlie Hastanand, who passed away years prior to the commencement of this action.

Plaintiffs do not oppose Dynamex's motion to dismiss these opt-ins without prejudice (Dkt. No. 182). Accordingly, this section addresses each category below.

**A.    Jose Santos.**

Opt-in plaintiff Jose Santos never contracted with Dynamex in California. He only contracted in Pennsylvania (Perez Decl. ¶ 5). In February 2015, long before this collective

2

action was conditionally certified, plaintiffs' counsel filed a form on behalf of Santos indicating his consent to join the action (Dkt. No. 15). The order conditionally certifying this collective action limited the scope of the action to individuals who contracted in California. Accordingly, all agree that Santos is not a member of this collective action. Santos's claims are hereby **DISMISSED** without prejudice.

### B. Late Opt-ins.

Seven individuals — Somching Kapkitkajon, Luis Angel Rodriguez, Ricardo Torres, Jeffrey David Dicus, Hany Michaels, Dulce Lopez, and Eric Embleton — filed their forms opting in to this action after the deadline of March 19. None of the late opt-ins offered any good cause for their late joinder. Plaintiffs do not oppose the dismissal of these seven individuals. Their claims are hereby **DISMISSED** without prejudice.

### C. Opt-ins Who Should Never Have Received Consent Forms.

Nine individuals — Amrit Sing, Jasbir Sing, Ariel Capeletti, Narsiso Serpas, Andrew Yauw, Manjit Sing, Edwin Kok, Rosa E. Menendez-Turcios, and Douglas Sass — submitted consent forms although they did not fall within the definition of the conditionally certified collective action. They appear to have submitted photocopies of forms sent to individuals who *did* satisfy that definition, but elected not to opt-in. Their claims are hereby **DISMISSED** without prejudice.

### D. Charlie Hastanand.

Opt-in plaintiff Charlie Hastanand passed away in October 2012, several years before this lawsuit was filed. Nevertheless, a consent form was filed on his behalf. Neither side offers any means for treating Hastanand's estate as a member of this opt-in collective action (nor for evaluating the legal issue of whether Hastanand could be deemed to consent to joining this action). Accordingly, Dynamex argues (and plaintiffs do not dispute) that he should be dismissed without prejudice on that basis.

While the motion to dismiss Hastanand without prejudice remained pending, Dynamex served Hastanand with a discovery request seeking his tax documents, which his estate never produced. Dynamex argues that, rather than dismissing Hastanand without prejudice, he should

3

be dismissed with prejudice for failing to comply with the order requiring disclosure of tax documents. Dynamex's positions are inconsistent.

Dynamex's motion to dismiss Hastanand without prejudice is premised on his inability to participate in the litigation. On the other hand, Dynamex seeks to hold Hastanand's estate accountable for that failure, to the extent the estate holds a claim at all. This order adopts the less severe response of dismissal without prejudice.

### 2. MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO APPEAR AT DEPOSITIONS.

Dynamex moves to dismiss fifteen opt-in plaintiffs with prejudice for failure to appear at their depositions. In April 2016, without conferring with plaintiffs' counsel, Dynamex noticed depositions for several opt-ins to occur in May. Discovery was set to close on June 30. Plaintiffs' counsel objected, asserting that the depositions were prohibited by the ten-deposition limit of Rule 30. Plaintiffs counsel brought this issue to the Court amid a flurry of discovery disputes. On June 7, the Court ruled as follows (Dkt. No. 123):

> [T]he ten-deposition limit of Rule 30 has no application to a case like this where we have 150 opt-in plaintiffs. Each is liable to sit for a deposition. Plaintiff's objection is very unreasonable.
>
> Each plaintiff's case must be adjudicated on its own merits and Dynamex is correct that it is entitled to reasonable discovery as to each opt-in plaintiff. If an opt-in plaintiff fails to appear for a deposition, his or her case may be dismissed with prejudice.[1]

On June 8, the parties met and conferred in the Court's jury room regarding their remaining discovery disputes. At that meeting, plaintiffs' counsel informed counsel for Dynamex that six opt-ins — Rafael Nunn, Luis Escovedo, Vladimir Koval, Salvador Rico, Doug Tank, and Zayed Hararah — who had not yet appeared for depositions withdrew their consent to pursue this action. At a hearing before the undersigned following the parties' meet-

---

[1] Dynamex quotes this passage in its entirety in its brief, however it reproduces the final sentence as follows: "If an opt-in plaintiff fails to appear for a deposition, his or her case may be dismissed with prejudice. . . . No excuses." Although the phrase "No excuses" did appear at the conclusion of the quoted order, it appeared in connection with discussion of a different subject (meeting and conferring to *schedule* depositions). Dynamex's reproduction of the quoted material elides fully two paragraphs in order to leave the false impression that the Court would not even consider any excuse for an opt-in's failure to appear at a deposition (Dkt. No. 173, Defs.' Mtn. at 2). Dynamex repurposes the phrase "no excuses" as a coda on its own argument (*id.* at 11).

The Court is disappointed that counsel for Dynamex would engage in such dishonest citation.

4

1 and-confer session, the Court set several dates for depositions of opt-in plaintiffs that had
2 already been noticed for deposition as well as eight further individuals that plaintiffs expected
3 to call as witnesses at trial.

The Court stated (Dkt. No. 131, Tr. at 20):

> All right. Those are your dates. If those people don't show up and they've got a case, we dismiss the case with prejudice. So you've got to get them there. Now, if you two stipulate to a different date before June 30, that's okay. You can do that. It's got to be in writing. But, otherwise, they've got to show up on the date.

The parties subsequently agreed on a procedure for the forthcoming depositions, including confirmation one business day in advance (and greater notice for witnesses requiring a translator). Notwithstanding the schedule set by the Court and the procedure established by the parties, plaintiffs' counsel lost touch with seven opt-ins and could not timely confirm their appearances at their depositions. Two more opt-ins failed to appear even though plaintiffs' counsel confirmed their appearance.

Dynamex moves to dismiss fifteen opt-ins with prejudice for failing to appear at their depositions: (i) the six who withdrew their consent, (ii) the seven who never confirmed their deposition appearances, and (iii) the two who failed to appear at their depositions despite confirmation.

Plaintiffs oppose the dismissal of two opt-in plaintiffs — Angelina Ramirez and Edgar Valdez — and ask that the remaining dismissals be *without* prejudice.

**A.     Angelina Ramirez.**

At the discovery hearing on June 8, the Court ordered the deposition of opt-in plaintiff Angelina Ramirez to occur on June 17. At Ramirez's request the parties rescheduled for June 20. Plaintiffs' counsel failed to timely confirm Ramirez's appearance at her deposition or to produce documents on her behalf on the business day before her deposition, pursuant to the procedure established by the parties. An hour and a half after the deadline to confirm her deposition appearance, counsel for plaintiffs informed Dynamex that Ramirez would not appear. Dynamex canceled the court reporter and informed the attorney set to take the deposition in Los Angeles that it had been canceled.

The next day, Ramirez appeared at Dynamex's Los Angeles office (where the deposition had been scheduled to occur), documents in hand, ready for her deposition. Without plaintiffs' counsel and without a court reporter or the deposing attorney, Dynamex could not take Ramirez's deposition in those circumstances.

Plaintiffs' counsel quickly sought to reschedule Ramirez's deposition. They explained that Ramirez had fallen out of touch because her daughter had been hospitalized following a car accident (Hart Decl., Exh. F; Ramirez Decl. ¶¶ 4–6). Ramirez remains willing to sit for her deposition (*id.* at ¶¶ 10–11). She produced tax documents in response to Dynamex's discovery requests.

The scheduling snafu was unfortunate, but it does not warrant the extreme sanction of dismissal. Nevertheless, Dynamex is entitled to discovery regarding Ramirez. Accordingly, this order **DENIES** Dynamex's motion to dismiss as to Ramirez on the condition that she sit for a six-hour deposition by **THURSDAY, OCTOBER 20**. Failure to appear for a deposition by that date *will* result in dismissal *with* prejudice.

### B. Edgar Valdez.

Dynamex originally noticed the deposition of opt-in plaintiff Edgar Valdez for January 28, 2016. The parties agreed to continue the deposition to June 14 due to medical complications. Although plaintiffs' counsel confirmed that Valdez would appear for his deposition the previous evening, counsel informed Dynamex minutes before the scheduled start time that Valdez could not appear due to further medical complications of which he learned the day before (Valdez Decl. ¶ 4).

Dynamex argues that Valdez's failure to inform his counsel of his newly-developed medical complication immediately, waiting instead until the following day (the day of his deposition) warrants dismissal with prejudice. Dynamex's position is too extreme. Valdez remains willing to sit for a deposition and to otherwise participate in the action. Accordingly, this order **DENIES** Dynamex's motion as to Valdez on the condition that he sit for a six-hour deposition by **THURSDAY, OCTOBER 20**. Failure to appear for a deposition by that date *will* result in dismissal *with* prejudice.

### C. The Remaining Thirteen Deposition No-Shows.

As to the six individuals who withdrew their consent to join the action after receiving deposition notices, Dynamex does not offer any argument for dismissing those individuals with prejudice. Thus, this order **DISMISSES** the claims of Rafael Nunn, Luis Escovedo, Vladimir Koval, Salvador Rico, Doug Tank, and Zayed Hararah without prejudice.

As to the remaining seven who offered no excuse for failing to appear, the Court repeatedly warned that failure to appear could result in dismissal *with prejudice*. Indeed, the fact that the Court ordered their depositions to occur on a specific date was only due to their disregard for timely noticed depositions in the first place. The opt-ins' complete disregard for the Court's orders prejudiced Dynamex by disrupting its preparation for trial and forcing it to bear costs for translators and court reporters as well as the hours of work spent preparing for depositions that never occurred. This order **DISMISSES** the claims of Esmeralda Castro, Frank Williams, Alberto Alceda, Rodrigo Flores, Alberto Paez, Miguel Ponce, and Dale Jeske *with* prejudice.

### 3. MOTION TO DISMISS WITH PREJUDICE FOR INADEQUATE DISCLOSURE OF TAX DOCUMENTS.

As part of the saga of discovery disputes between our litigants, Dynamex sought tax documents from several opt-in plaintiffs. After contentious motion practice, the Court ordered thirty-six opt-ins to produce (Dkt. No. 171):

> all federal tax records within their possession or that they have authority to obtain (such as from an accountant or from TurboTax) relevant to their claims herein for all years from 2008 to the present during which they contracted with Dynamex and for which they contend they should have been classified as "employees." The records to be produced shall include federal tax returns, all informational forms, including 1099s, W2s, 1040s, 1120s, 1125-As, and all accompanying schedules to the same extent submitted by the plaintiffs to the Internal Revenue Services.

The order also required plaintiffs that had already produced some tax documents to supplement their production. It set a deadline of August 15 at noon and stated "[f]ailure to timely comply will likely result in dismissal from this action with prejudice or in an adverse inference."

7

Twenty-five opt-ins, however, failed to produce all tax documents or a declaration explaining all deficiencies, although, with one exception (Victor Moreno), all produced *some* tax records and declarations explaining most deficiencies.

With the exception of Victor Moreno, whose failure to produce tax documents or a declaration detailing the reason for any missing documents remains unexplained, the deficiencies in the tax documents produced were relatively minor, to the extent they constituted failure at all. Thus, with the exception of Moreno, all of the remaining plaintiffs substantially complied with the Court's order, and the Court will not dismiss their claims on the basis of any minor deficiency; however, this is without prejudice to the Court drawing or allowing, on proper instruction, the jury to draw an adverse inference with regard to evidence relating to those defendants.

On the other hand, Moreno's failure to produce any tax documents or a declaration explaining that failure remains unexplained. Plaintiffs note that Moreno has otherwise been cooperative throughout this lawsuit, including by appearing at his deposition and timely producing documents. Nevertheless, all opt-ins have been on notice of the potential consequences of failing to comply with the Court's order, and plaintiffs offer no defense whatsoever for Moreno's noncompliance. Thus, this order **DISMISSES** Moreno's claims *with prejudice*.

## CONCLUSION

For the reasons stated above, Dynamex's motions are **GRANTED IN PART AND DENIED IN PART** as follows:

- Charlie Hastanand, Jose Santos, Somching Kapkitkajon, Luis Angel Rodriguez, Ricardo Torres, Jeffrey David Dicus, Hany Michaels, Dulce Lopez, Eric Embleton, Amrit Sing, Jasbir Sing, Ariel Capeletti, Narsiso Serpas, Andrew Yauw, Manjit Sing, Edwin Kok, Rosa E. Menendez-Turcios, Douglas Sass, Rafael Nunn, Luis Escovedo, Vladimir Koval, Salvador Rico, Doug Tank, and Zayed Hararah are **DISMISSED** without prejudice

- Victor Moreno, Esmeralda Castro, Frank Williams, Alberto Alceda, Rodrigo Flores, Alberto Paez, Miguel Ponce, and Dale Jeske are **DISMISSED** with prejudice.

8

- Angelina Ramirez and Edgar Valdez must each sit for a six-hour deposition by **OCTOBER 20**. Failure to do so *will* result in dismissal *with* prejudice.

**IT IS SO ORDERED.**

Dated: September 29, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE